John C. STIEGLER; Dwight A. Holmes, on their own behalf and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

Johnny SALDAT, individually; Marilyn Cartwright, individually; Payman Mehrani, individually; Gordon Yam, individually; Karen Klein, individually; Patty Klascius, individually; Marlene Scott, individually; Mike Creighton, individually; Bill Graf, individually, Defendants-Appellees.

No. 15-35911

United States Court of Appeals, Ninth Circuit.

Argued and Submitted December 6, 2017 Seattle, Washington

Filed December 15, 2017

Blythe H. Chandler, Toby J. Marshall, Erika L. Nusser, Attorneys, Terrell Marshall Law Group PLLC, Seattle, WA, for Plaintiffs-Appellants

Matthew William Daley, Timothy Michael Lawlor, Esquire, Attorney, Melanie Marie Weigand, Attorney, Witherspoon Kelley, Spokane, WA, for Defendant-Appellee Johnny Saldat.

Matthew William Daley, Timothy Michael Lawlor, Esquire, Attorney, Melanie Marie Weigand, Attorney, Witherspoon Kelley, Spokane, WA, for Defendants-Appellees Marilyn Cartwright, Payman Mehrani

Vasudev N. Addanki, David Ross Greenberg, Esquire, Attorney, Joseph D. Hampton, Esquire, Betts, Patterson & Mines, Seattle, WA, for Defendants-Appellees

---

* The Honorable Irene M. Keeley, United States District Judge for the Northern District of West Virginia, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Gordon Yam, Karen Klein, Patty Klascius, Marlene Scott, Mike Creighton, Bill Graf

Before: HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

## MEMORANDUM *

John C. Stiegler and Dwight A. Holmes ("Plaintiffs") appeal the Rule 12(b)(6) dismissal of their Washington Consumer Protection Act ("CPA") claims. Wash. Rev. Code § 19.86.020 *et seq.* We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (citing *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016)), we affirm.[1]

The district court properly dismissed Plaintiffs' CPA claims. Plaintiffs have failed to allege facts plausibly establishing "that the public has an interest" in this private dispute regarding internal corporate decision making. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 719 P.2d 531, 538 (1986). Moreover, Plaintiffs' claims, which are "directed at the competence of and strategies employed by" Defendants, are beyond the CPA's scope. *Michael v. Mosquera–Lacy*, 165 Wash.2d 595, 200 P.3d 695, 699 (2009) (quoting *Ramos v. Arnold*, 141 Wash.App. 11, 169 P.3d 482, 486 (2007)). Thus, Plaintiffs have failed to state a CPA claim.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. Because our decision does not rely on Wash. Rev. Code § 24.06.035, the Motion to Strike, **Dkt. No. 39**, is denied as moot.